7474, 7498. CAMPBELL *v.* SOUTHERN FERTILIZER AND CHEMICAL COMPANY; and *vice versa.*

BROYLES, J. 1. Upon the previous appearance of this case before this court (*Campbell* v. *Southern Fertilizer & Chemical Co.,* 17 *Ga. App.* 759, 88 S. E. 412), the following ruling was made: "The only assignment of error being as to a judgment sustaining a general demurrer to the defendant's answer, and it not appearing that there was any final judgment in the case, under repeated rulings of this court and of the Supreme Court, the bill of exceptions embraces matter of an interlocutory character only, and is prematurely brought to this court." The writ of error was thereupon dismissed. In due course the judgment of this court was made the judgment of the court below, and a verdict was directed for the plaintiff and judgment rendered in its favor. Subsequently the trial judge, on motion of the defendant, allowed a copy of the dismissed bill of exceptions to be filed in the instant proceedings as exceptions pendente lite, although no such permission or direction had been given by this court. While it is within the discretion of the reviewing courts, in exceptional cases, upon a meritorious showing, to grant leave for a copy of a premature bill of exceptions to be filed as exceptions pendente lite in the court below, the judge of the lower court has no such right or discretion, and can not vary the plain and unambiguous provisions of the Civil Code, § 6154, as to the time of the filing and certification of exceptions pendente lite. It was therefore error for the trial judge to allow a copy of the bill of exceptions to be so filed, over the timely objections of the plaintiff in the court below.

2. Under the foregoing ruling, there were no valid exceptions pendente lite to the judgment sustaining the demurrer to the defendant's answer; and, accordingly, that judgment is not brought under review.

3. After the demurrer to the defendant's answer had been sustained and the answer stricken, there was no error in directing a verdict for the plaintiff and in entering judgment thereon.

4. This court sees no merit in the main bill of exceptions, and would grant the prayer of the defendant in error for damages were it not for the thought that possibly the action of the trial judge in allowing a copy of the dismissed bill of exceptions to be filed as exceptions pendente lite, was sufficient cause for the plaintiff in error to think that there might be some merit in his bill of exceptions.

*Judgment affirmed on main bill of exceptions; reversed on cross-bill.* *Hodges, J.,* absent.

DECIDED DECEMBER 11, 1916.

Complaint; from city court of Hazlehurst—Judge Grant. April 17, 1916.

*S. D. Dell,* for plaintiff in error. *Gordon Knox,* contra.